IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FONJI FORCHA AMOS PETITIONER

V. CIVIL ACTION NO. 5:26-cv-00439-DCB-RPM

RAFAEL VERGARA RESPONDENT

REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Respondent's [8] Motion to Dismiss the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner, Fonji Forcha Amos, a native and citizen of Cameroon and a former immigration detainee, filed his pro se Petition [1] for writ of habeas corpus in May 2026, requesting release from Immigration and Customs Enforcement's (ICE) detention.

Petitioner entered the United States in September 2024, without being admitted or paroled. *See* Ex. A to Mot. [8-1]. According to the Executive Office for Immigration Review's (EOIR's) Automated Case Information portal, on May 12, 2025, an immigration judge ordered Petitioner removed from the United States, and on February 24, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal.[1]

On September 1, 2026, Respondent filed a Motion to Dismiss [8] the Petition stating that Petitioner was released from custody by ICE on August 5, 2026, when he was removed from the United States to Cameroon via a Special High Risk Charter Flight. *See* Mot. [8] at 1; Ex. B to Mot. [8-2]. Because Petitioner is no longer in custody, Respondent submits his Petition is moot.

1 *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited September 8, 2026).

Petitioner has not filed a response to the motion to dismiss. According to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[2]

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477-78).

The Petition is moot because the relief the Petition requests – release from ICE detention – has occurred. *See Lane v. Williams,* 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Nieto-Ramirez v. Holder,* 583 F. App'x 330, 331-32 (5th Cir. 2014) (finding immigration detainee's habeas petition moot "because her claimed grounds for relief go only to her detention under 8 U.S.C. § 1226(c), not to the underlying removal proceeding or its collateral consequences"); *Ortez v. Chandler,* 845 F.2d 573, 575 (5th Cir. 1988) (finding where habeas relief "can no longer be effected," no "case or controversy" remains); *Reyes v. Gillis*, No. 5:20-CV-70-DCB-MTP, 2020 WL 3105961, at *1 (S.D. Miss. May 5, 2020), R. & R. adopted, 2020 WL

2 The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

3104532 (S.D. Miss. June 11, 2020) ("Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his release into the United States on conditions of supervision, which terminated his immigration detention."). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## RECOMMENDATION

The undersigned recommends that the Petition [1] be dismissed without prejudice for lack of jurisdiction because it is moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996),

*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

**SIGNED,** this 23rd day of September 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE